**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA – LAS VEGAS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL E. RUETTIGER, ET AL.,<br><br>    Defendants. | Case No. 2:11-cv-02011-GMN-VCF |

**FINAL JUDGMENT AS TO DEFENDANT KEVIN S. KAPLAN**

The Securities and Exchange Commission having filed a Complaint ("the Complaint") and Defendant Kevin S. Kaplan having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

  (a)    to employ any device, scheme, or artifice to defraud;

  (b)    to make any untrue statement of a material fact or to omit to state a material fact

         necessary in order to make the statements made, in the light of the circumstances

         under which they were made, not misleading; or

  (c)    to engage in any act, practice, or course of business which operates or would

         operate as a fraud or deceit upon any person.

                                          II.

         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

  (a)    Unless a registration statement is in effect as to a security, making use of any

         means or instruments of transportation or communication in interstate commerce

         or of the mails to sell such security through the use or medium of any prospectus

         or otherwise;

  (b)    Unless a registration statement is in effect as to a security, carrying or causing to

         be carried through the mails or in interstate commerce, by any means or

         instruments of transportation, any such security for the purpose of sale or for

         delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)]], Defendant is prohibited for a period of five (5) years from the date of this Final

Judgment from acting as an officer or director of any issuer that has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file

reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. 240.3a51-1].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay a civil penalty in the amount of $25,000 pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant shall pay $25,000 within 14 days of entry of this Final Judgment.  If Defendant fails

to make any payment by the date agreed and/or in the amount agreed according to the schedule

set forth above, all outstanding payments under this Final Judgment, including post-judgment

interest, minus any payments made, shall become due and payable immediately without further

application to the Court.  The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington

DC 20549, and shall be accompanied by a letter identifying Kevin S. Kaplan as a defendant in

this action; setting forth the title and civil action number of this action and the name of this

Court; and specifying that payment is made pursuant to this Final Judgment.  The Commission

shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DATED** this 19th day of January, 2012.

_____

Gloria M. Navarro
United States District Judge