**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States Securities and Exchange Commission,

Plaintiff,

v.

Rocco Brandonisio, Jr., et al.,

Defendants.

Case No.: 2:11-cv-2011-JAD-VCF

**Final Judgment as to Defendant Pawel P. Dynkowski [Doc. 48]**

This securities fraud action involves a scheme to "pump-and-dump" the stock of Rudy Nutrition (RUNU), the details of which were described in my prior order granting in part the Securities and Exchange Commission's request for a default judgment against defendant Pawel P. Dynkowski and one of his co-defendants, Chad P. Smanjak.[1]  At that time, I found default judgment was appropriate against Dynkowski and Smanjak, and that both should be (1) permanently enjoined from further violating 15 U.S.C. §§ 77e(a), 77e(c), 77q(a) 78j(b), and 17 C.F.R. § 240.10b-5; and (2) barred from participating in penny-stock offerings under 15 U.S.C. §§ 77t(g), 78u(d)(6).  Doc. 39 at 18.  I also found Dynkowski and Smanjak liable for disgorgement, prejudgment interest, and third-tier civil penalties.  *See id.* at 13-17.  However, I also concluded that the SEC had not supplied adequate evidence of how it arrived at its requested $4.2 million disgorgement amount and thus denied this portion of the SEC's motion without prejudice.  *Id.* at 13-17.  All that remains in the SEC's case against these two defendants is to determine the amount of disgorgement, prejudgment interest, and third-tier civil penalties, and to enter a final judgment for damages and injunctive relief.  This is the subject of the SEC's current motion, which it brings against Dynkowski only.[2]

---

[1] I incorporate these details by reference.  *See* Doc. 39 at 1-6.

[2] I find this motion suitable for disposition without a hearing.  Nev. L.R. 78-2.

1

The SEC requests that Dynkowski be ordered to disgorge $2,010,286 and pay $467,308.88 in prejudgment interest and a third-tier civil penalty of $2,010,286—equal to his gross pecuniary gain—for a total liability of $4,487.880.88.  *See* Doc. 48 at 2.  To prove the disgorgement and prejudgment interest amounts, the SEC offers the Declaration of Anthony Richard Petrilla, the primary investigator of the RUNU pump-and-dump scheme.  Doc. 48-1 at 1.  Petrilla affirms that he received financial documents from Penson Financial Services, the clearing broker-dealer for the trades Dynkowski directed.  *Id.* at 2.  The monthly statements indicate that the total sales of the RUNU stock for which Dynkowski was involved were $6,018,073.43.  Docs. 48-1 at 4; *see* Doc. 48-2.  Of these proceeds, RUNU received $797,500; co-defendant Steven DeCesare received $1.2 million; Dynkowski and Smanjak split the remaining $4,020,573.43.  Doc. 48-1 at 4.  Petrilla also affirms that he calculated prejudgment interest on these amounts using the IRS tax underpayment rate in 26 U.S.C. § 6621(a)(2), and has provided a breakdown of the prejudgment interest calculations.  *Id.* at 4-5.  Based on this detailed and comprehensive evidentiary support, and I grant the SEC's motion for $2,010,286 in disgorgement and $467,308.88 in prejudgment interest against Dynkowski in full.

As to civil penalties, I previously concluded that the seriousness of Dynkowski's conduct "weigh[s] heavily in favor of imposing a substantial penalty," and I incorporate my prior discussion of Dynkowski's culpability for civil penalties herein by reference.  Doc. 39 at 15-16.  In a separate order I also previously concluded that another defendant in this scheme, Gregg Mulholland, is liable for a third-tier civil penalty in an amount equal to his gross pecuniary gain, a discussion I also incorporate by reference.  *See* Doc. 41 at 15-16.  Dynkowski's involvement in and culpability for the scheme was more comprehensive than Mulholland's, *see* Docs. 39, 41, and I have little difficulty concluding that he, like Mulholland, should also be assessed a civil penalty equal to his gross pecuniary gain.[3]  Therefore, I grant the SEC's motion for a $2,010,286 civil penalty against Dynkowski in full.

---

[3] *See, Security Exchange Commission v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1192-93 (D. Nev. 2009) (imposing third-tier penalty equal to disgorgement amount).

**Conclusion**

Accordingly, and based on the foregoing analysis, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Pawel P. Dynkowski and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Dynkowski and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact
or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not

misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Dynkowski and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Dynkowski is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is

entered against Defendant Dynkowski for disgorgement of $2,010,286 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $467,308.88, and a civil penalty in the amount of $2,010,286, pursuant to Section 21(d)(3)(B) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)(B)] and Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying the total final judgment amount of $4,487,880.88 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/ offices/ofm.htm.  Defendant also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

 Enterprise Services Center

 Accounts Receivable Branch

 6500 South MacArthur Boulevard

 Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Pawel P. Dynkowski as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Final Judgment forthwith and without further notice.

DATED: November 12, 2014.

_____
Jennifer A. Dorsey
United States District Judge